[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: DEFENDANT'S MOTION TO STRIKE
The plaintiff alleges that he purchased a home in Madison which had been listed for sale by the defendant real estate agency. The plaintiff further alleges that the specific employee of the defendant who listed the house for sale was in fact its occupant, Katherine Sherman, whose husband, Anthony Jack, was the owner and seller. The plaintiff also alleges that the house was termite infested, a fact he discovered only after purchase but which, he alleges, was known in advance by the defendant, who failed to disclose this information to the plaintiff.
In the first count of his complaint, the plaintiff alleges that the defendant "intentionally and fraudulently failed to disclose" the termite infestation and that this failure was "a violation of the statutes and the regulations of the State of Connecticut regulating the activities of real estate and brokers and agents." The parties agree that although the plaintiff has not specified any particular statute, it is the intention of the plaintiff to rely on General Statutes Section 20-320, which provides, in pertinent part:
 The Department of Consumer Protection may, . . . investigate the actions of any real estate broker or real estate sales person or any person who assumes to act in any of such capacities within this state. The Real Estate Commission shall have the power temporarily to suspend or permanently to revoke any license issued under the provision of this chapter, and in addition to or in lieu of suspension or revocation, may in its discretion impose a fine of not more than two thousand dollars at a time when, it finds that the licensee . . . is guilty of any of the following: (1) Making any material misrepresentation; (2) making any false promise of a character likely to influence, persuade or induce; . . . (11) any act or conduct which constitutes dishonest, fraudulent improper dealings; . . . (13) a violation of any provision of this chapter or any regulation issued under this chapter.
The plaintiff maintains that this first count states both a common law action for intentional misrepresentation as well as a statutory claim pursuant to this section.
The second count of the complaint is similarly worded except that it alleges negligent misrepresentation as well as the statutory violation. The third count of the complaint alleges that the activities complained of in the first two counts also constitute violation of the Connecticut Unfair Trade Practices CT Page 8744 Act ("CUTPA"), General Statutes, Section 42a-110 et seq.
The defendant has moved to strike the complaint in its entirety. It first alleges that there is no private cause of action under to General Statutes Section 20-320. Second, to the extent that the first and second counts allege common law misrepresentation, whether intentional or negligent, it contends that those counts are fatally flawed in that they fail to allege that the plaintiff was induced to purchase the property as a result of the misrepresentation or that the plaintiff relied on the misrepresentation to his detriment. Finally, the defendant contends that the CUTPA claim must fail both because it is dependent on the first two counts, which the defendant claims are fatally flawed, and because it alleges only a single act on the part of the defendant which cannot rise to the level of an unfair trade practice.
As to the first issue, this court agrees with the well-reasoned decision of Judge Flynn in Neely v. 36 Catoonah St. Co.,
Superior Court, Judicial District of Danbury, Docket No. 314574-AC13246 (April 12, 1994). This statute "was designed to provide the Real Estate Commission with the power to suspend or revoke a broker's license under certain circumstances and to levy fines against a broker for misconduct. It does not create a private cause of action." Id. (citations omitted).
To the extent that the first two counts are based on the common law torts of fraudulent misrepresentation and negligent misrepresentation, respectively, the defendant nonetheless moves to strike. It contends that, as to fraudulent misrepresentation, the plaintiff fails to allege that the defendant withheld mention of the existence of termites in an effort to induce him to purchase the property in question or that the plaintiff in fact relied on the alleged non-disclosure. As to the second count, it argues that the plaintiff has not alleged reliance on the defendant's alleged negligent non-disclosure. The plaintiff responds that these necessary elements are implicit in the general wording of these counts, but this court disagrees. Indeed, the inclusion of paragraph 8 in each count, to the effect that the "failure to disclose a material fact regarding the condition of the property was violation of the statutes and regulations of the State of Connecticut regulating the activities of real estate brokers and agents, " suggests that, despite his present contention, the plaintiff was attempting to prevail on statutory grounds only and had no intention of alleging or CT Page 8744-a proving inducement or reliance. Because the first two counts, which appear to be grounded in statute, must be stricken, the plaintiff, should he wish to replead as he is entitled to do, will have to allege explicitly the elements of any common law action for which he seeks to recover damages.
Because the third count, which alleges a violation of the Connecticut Unfair Trade Practices Act ("CUTPA) is based on the first two counts, it too must be stricken. The fact that the plaintiff alleges only a single act as the basis of a CUTPA violation, however, is rejected as a basis for striking this count because the single act complained of is alleged to have been committed by a business person in the course of a transaction which was a part of her business. See Crescenzo v.Camarota, Judicial District of New Haven at New Haven, Docket No. CV97-0396433 (June 9, 1997) (Silbert, J.) 1997 Ct. Sup. 6200,19 CONN. L. RPTR. 611.
For all of the above reasons the Motion to strike is granted as to all three counts of the plaintiff's revised complaint.
Jonathan E. Silbert, Judge
CT Page 8745